NOAH MATTINGLY, APPELLEE, v. MANHATTAN OIL COMPANY, APPELLANT.

FILED SEPTEMBER 26, 1914. No. 17,712.

Master and Servant: ACTION FOR SALARY: BAD FAITH. In an action by a traveling salesman for a month's salary and expenses, plaintiff is not entitled to recover on uncontradicted evidence that he was properly discharged before the end of the month, and that during a part of the time he secretly acted in a dual capacity soliciting business for a rival of defendant; there being a failure on his part to prove performance of his duties in good faith for any definite part of the month.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Reversed and dismissed.*

*Joseph A. Dyer* and *Hugh A. Myers,* for appellant.

*Edward L. Bradley, contra.*

ROSE, J.

This is a suit to recover $175 for services of plaintiff as traveling salesman for defendant during the month of February, 1910, and $5 advanced for expenses. Defendant admitted the employment of plaintiff prior to February 15, 1910, pleaded an agreement requiring him to devote his entire time and his exclusive services to the duties of his employment, but denied liability for any part of his claim, alleging he failed to perform his duties, violated his contract, solicited orders for a rival of defendant without its knowledge, canceled orders in its favor, and turned them over to its rival and deprived defendant of the value of his services. Defendant also pleaded a counterclaim for damages in the sum of $500. From judgment on a verdict in favor of plaintiff for $180, defendant appeals.

Error is assigned in overruling defendant's motion for a new trial, in misdirecting the jury, and in rendering judgment on the verdict. Plaintiff testified he was employed at a salary of $175 a month and expenses, and that he was entitled to 30 days' notice from his employer, if his services became unsatisfactory, and that if plaintiff became dissatisfied with his employment he should give his employer 15 days' notice and resign. The testimony relating to notice was contradicted, but will be treated as true for the purposes of review. Plaintiff's own proofs show that he wrote defendant a letter February 12 or 13, 1910, stating that he would resign March 1, 1910, and that he received a reply February 19, 1910, informing him that his resignation would take effect at once. Though offering his services to defendant for the remainder of February, he did no real work after February 19. Before resigning he had secretly entered into a contract of employment with the Omaha Oil Company, a rival of defendant, and subsequently became a stockholder thereof. On evidence about which there can be no reasonable difference of opinion, it is shown that plaintiff secretly acted in a dual capacity during the month for which he demands full compensation. While in the employ of defendant he secretly solicited future orders for its rival, and his business on

behalf of defendant fell off to such an extent as to show conclusively that the value of plaintiff's services were impaired, if not destroyed, by conduct inconsistent with his duties to defendant.   On these uncontradicted facts defendant, under the law, was justified in making plaintiff's resignation effective at once.   Plaintiff was the trusted representative of defendant.   In this controversy the burden was on him to prove facts showing that in performing his duties he acted in good faith during the entire month of February or for a definite part thereof.   In these respects his proofs fail.   He therefore failed to make a case for either full or partial compensation for the month of February.   Both the verdict and the judgment are without support in the evidence.    A recovery for plaintiff should not have been permitted.

The judgment is therefore reversed and the action dismissed at the costs of plaintiff.

REVERSED AND DISMISSED.

LETTON, FAWCETT and HAMER, JJ., not sitting.